FILED 25 APR 20 12:06USDC-ORM

# UNITED STATES DISTRICT COURT

for the

## District of Oregon

Portland Division

| | | |
|---|---|---|
| Pearl Adair<br>Plaintiff. | ) ) ) ) | |
| -v- | ) ) | **Case No. 3:25-cv-02137-CL** |
| Coffee Creek Correctional Facility<br>Defendant, | ) ) ) | COMPLAINT FOR VIOLATION<br>OF CIVIL RIGHTS |
| Tracy Batchelder<br>Defendant, | ) ) ) | AMENDMENT |
| Monica Felix<br>Defendant, | ) ) ) | |
| Warren Roberts M.D.<br>Defendant. | ) ) | |

## PRISONER COMPLAINT AMENDMENT

**I.    The Parties to this Complaint**

**A.** The Plaintiff named in this Complaint is:

Pearl Adair - SID # 23301313
Coffee Creek Correctional Facility
24499 SW Grahams Ferry Rd.
Wilsonville, OR 97070

**B.** The Defendants named in this Complaint are:

1) Coffee Creek Correctional Facility
   24499 SW Grahams Ferry Rd.
   Wilsonville, OR 97070

2) Tracy Batchelder, Supervisor
ODOC Medical Scheduling Department
3723 Fairview Industrial Drive SE
Salem, OR 97302

3) Monica Felix, Nurse Manager
CCCF Medical Department
24499 SW Grahams Ferry Rd.
Wilsonville, OR 97070

4) Warren Roberts M.D.
ODOC Medical Director
3723 Fairview Industrial Drive SE
Salem, OR 97302

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, this is a Complaint for Violation of Civil Rights brought against Coffee Creek Correctional Facility, Tracy Batchelder, Monica Felix, and Warren Roberts for Deprivation of Rights, Privileges, or Immunities secured by the Constitution, Federal, and State laws.

A. Plaintiff is suing pursuant to 42 U.S.C. § 1983 for failure to uphold the 8th Amendment of the United States Constitution, which prohibits cruel and inhumane treatment of persons under custody/control of the U.S. Government.

B. Under 42 U.S.C. § 1983, Plaintiff claims that the Defendants have violated the following State of Oregon Law: ORS 423.020, by failing to provide adequate food, clothing, health, and/or medical care, sanitation, and/or security for persons confined.

## III.    Prisoner Status

I, Pearl Adair, a self-representing litigant, known by no other names. I am the Plaintiff in the following AMENDMENT to this COMPLAINT FOR VIOLATION OF CIVIL RIGHTS. I am a

convicted and sentenced State Prisoner incarcerated at Coffee Creek Correctional Facility in Washington County, state of Oregon.

## IV.    Statement of Claims

The events of this claim arose while incarcerated at Coffee Creek Correctional Facility and include the following Complaints:

A. Refusal to treat my damaged vascular stint has caused the condition to worsen considerably, as well as set off treatment for other serious ailments. I have had severe swelling and discoloration in my right leg and foot since before my arrival to Coffee Creek Correctional Facility (CCCF). Dr. Wilson M.D. (previously of CCCF) and Dr. Anderson M.D. (CCCF) both sent me to the Emergency Room during my first couple of years at the facility (I arrived in April, 2022) after noticing unwarranted heat or cold, changes in color, or extreme swelling in addition to my right leg and foot's normal swollen condition. Since my arrival to CCCF I have been on a strong prescription blood thinner for the blocked bi-lateral stint in my abdomen which caused poor circulation and was the cause of the swelling.

I was diagnosed with a blood clotting disorder by Dr. Harris in 2018 at St. Luke's Hospital in Boise, Idaho after he placed a bi-lateral stint in my abdomen. While I was in Baker County Jail, a different Vascular Surgeon at St. Alphonsus Hospital stated that the stint in my abdomen was blocked and the veins had re-routed around the stint giving newly formed clots possible access to my heart and lungs, he strongly recommended surgery to remove the blockage. I was being held for transport to the prison, these records would have been in my medical file and sent to CCCF with me.

Dr. Wilson and Dr. Bergman M.D. (both previously of CCCF) were my providers here, they recommended that I see a vascular specialist, but the Therapeutic Level Care (TLC)

Committee denied their requests. I sent several kytes and I grieved the TLC Committee (Grievance #CCCF 2024 04 002), all of which were denied. My original grievance stated: "I have blood clots in both of my legs, my stint is blocked off, and I have very poor circulation, I worry about infection" also, "I can't just sit around with my leg elevated (previously suggested treatment), or just use a wheelchair if there is a better solution, I need to see a vascular surgeon." Monica Felix, Nurse Manager of Coffee Creek responded to the grievance stating: "Managing your swelling with anticoagulants, monitoring, and some need for a wheelchair may not seem as ideal as getting surgery and putting all of this behind you. However, from what was reported, the experts feel anticoagulation is the correct treatment for you." Also stated was: "You do have an appointment with Compass Oncology pending. Feel free to talk to them about this. If they were to recommend a vascular surgeon as being in your best interest, you might be able to re-approach the subject with your providers here," signed April 23, 2024. By responding to this grievance Monica Felix, Nurse Manager of CCCF, acknowledged that she was aware of the condition and would have been in a position to recommend treatment based on what she had observed in my medical files. Her opinion, as a professional, was that no additional treatment was necessary. This proves deliberate indifference to a serious medical condition and violates my 8th Amendment Constitutional right under Conditions of Confinement by disregarding a condition that could result in excessive risk to my health or safety and cause serious harm. Felix also violated State of Oregon Law: ORS 423.020, by failing to provide adequate health and medical care for persons confined. If, in the instance a blood clot traveled from my leg into my heart or lungs—I had already been told by a Vascular Surgeon in Baker City that I could be put in serious harm due to the veins that had re-routed around my vascular stint—I would be in an immediate emergency situation and in danger of a heart attack or a blood clot in my lung. This would not be an unreasonable circumstance considering my medical history, which would have been recorded throughout my medical records. I had been very clear about my condition when

talking with my providers at appointments and in kytes sent to the Medical Department, which would have been the reason they had recommended I be seen by a vascular specialist.

I appealed the TLC Committee's decision (Grievance #CCCF 2024 04 002A). Among other things, I requested to see a vascular specialist. I stated that at my recent appointment with my Oncologist, Dr. Shango M.D., of Compass Oncology, I had gone over my vascular issues again and she agreed that a specialist should be consulted, at the appointment she told me that she would be sure to write her recommendation in my paperwork for the prison medical staff to review. She was surprised that the TLC Committee took her report saying that I should stay on my blood thinner as her making a statement that I did not need to see a vascular specialist.

Dr. Warren Roberts, Medical Director, M.D., responded to my grievance appeal stating: "On March 14, and May 2, 2024, the TLC Committee met to review your request for a Vascular specialist, and it was not approved. The committee recommended to continue ongoing clinical follow-up." By responding to this grievance appeal, Dr. Roberts acknowledges that he was aware of the condition that was clearly stated in the original grievance and the grievance appeal, signed August 4, 2024. As the current Coffee Creek Correctional Facility Medical Director, he was in the legal position to make the decision of whether to request the TLC Committee reconsider their decision or to allow/deny treatment for my condition. Dr. Roberts clearly and deliberately violated my 8th Amendment Constitutional rights to persons under the control of the U.S. Government under Conditions of Confinement by refusing to allow treatment and failing to take reasonable measures to address a serious medical condition that could cause substantial risk or serious harm to my person. By refusing to allow treatment, Dr. Roberts also violated State of Oregon Law: ORS 423.020, failing to provide adequate health and medical care for persons confined.

Although I am completely restricted to a wheelchair now, I still have to manage day to day activities, such as getting dressed, showering, and cleaning; all of which are made extremely difficult due to the constant swelling in my leg and foot which makes my leg heavy and hard to maneuver. Having to deal with a potential life-threatening condition and being told I could not have the necessary treatment that had already been recommended (by a vascular surgeon, name unknown at this time, records will show that at St. Alphonsus Hospital he did view and consult my condition, diagnose me with a blockage in my bi-lateral vascular stint, state that the veins had re-routed around my stint, and recommend that I have surgery, I was in Baker County Jail, this was right before I was transported to CCCF) has caused a great deal of stress to my mental health and well-being while confined in prison and not being allowed proper care. I was advised to keep taking my Lovenox blood thinner, use compression stockings, and keep my leg elevated, but there was no effort made to see if the condition could be fixed or improved.

**B.** Not being scheduled with an Orthopedic Surgeon for hip-replacement surgery has left me in constant unnecessary pain and suffering. The failure to treat an ongoing condition, originally diagnosed as Advanced Arthritis in my left hip has caused the condition to worsen considerably, leaving me in persistent pain, inhumane conditions, and poor health since my arrival at CCCF.

The TLC Committee did approve an appointment to be made with an orthopedic specialist (December, 2023). Several months without being scheduled passed, Dr. Wilson and Dr. Bergman both told me that they had put in the request as urgent for appointments multiple times. I grieved the Medical Scheduling Department (Grievance # CCCF 2024 05 040), dated May 11, 2024, for the amount of time it was taking to get an appointment scheduled to see an Orthopedic Doctor. The grievance was approved, but I did not meet with Dr. John Coen, M.D., of Regenerative Orthopedic Center (ROC) until April, 2025. Monica Felix responded to my grievance stating that "The Schedulers are responsible for trying to

juggle multiple appointments across the state," and "I suggest checking back at the beginning of June (2024)." I was told by several nurses and staff members at CCCF (specifically: Nurse Brady, Nurse Choi, Nurse Jones, nurse Alex Gurazi, Officer Mr. Blackburn, as well as other various transport officers and medical staff) that there were problems with the Medical Scheduling Department and that Tracy Batchelder was the person who would be in charge of scheduling appointments for the CCCF Medical Department. Waiting 16-months to schedule an appointment violates my 8th amendment Constitutional right by failing to take reasonable measures to address a serious medical condition. As head of the Medical Scheduling Department for CCCF, Batchelder was responsible for ensuring appointments that were approved and requested by the TLC Committee were scheduled within a reasonable amount of time and transport was made available. By failing to do this, she is responsible for my orthopedic condition increasingly worsening to the point that the when Dr. Coen was finally consulted he was unable to provide the necessary surgery, and was deliberately indifferent to my need for adequate medical care, disregarding excessive risk to my health and safety.

Dr. Coen diagnosed me with Advanced Osteo-Arthritis based on x-rays that had been taken at CCCF over a year before I met with him, they showed that I had new and severe deterioration of my left hip since the year before that, when the original x-rays were taken at CCCF, showing Advanced Arthritis. After a brief exam by Dr. Coen, it was determined that he was unable to do the surgery because by that time my condition had deteriorated to the point that I could not lie flat with my left leg straight anymore. He told me that I would need a posterior hip-replacement, but he was not qualified for that surgery. He referred me to one of his colleagues, Dr. Hanzlik M.D., also of ROC, who declined to do the surgery as well due to my blocked vascular stint that was causing poor circulation in my right leg. Dr. Hanzlik worried that it could cause complications if infection set in and required that I have vascular surgery before I get my much-needed, and long-awaited, hip-replacement.

He referred my orthopedic case over to the Oregon Health and Sciences University Hospital (OHSU), with the hopes I would be able get both surgeries done faster because they were to be done at the same hospital.

Over the first couple of years at the facility, I had gone from struggling to manage with a mobility walker and a substantial limp with constant sharp pain in my left hip, to being completely confined to a wheelchair, unable to walk even short distances for the last year or two. Necessary daily activities have become more and more difficult, my hip pops throughout the day causing additional pain and stress on my stability. I can somewhat hold myself up with my arms but any movement is very painful, and I cannot put weight on my left hip anymore. My hip is stuck at an approximate 40° angle, I cannot stand up straight, if my leg is straight then my hip is bent and I am hunched over facing the floor. I have not been able to reach my feet for going on two years, I can't put on socks, I have to wear shoes with no socks, I can't wash my feet or clip my toenails, and my feet are almost always cold, especially my right foot where the low circulation is the worst. I had an ingrown toenail for over a year that I could not get rid of because I couldn't care for my feet. These conditions create inhumane, degrading and unhygienic living conditions. Batchelder is responsible for me being left in this condition for such an extended amount of time because she failed to schedule appointments in a timely manner, showing deliberate indifference to a serious medical condition. Although I was finally seen by an orthopedic doctor, the medical condition was not resolved due to Hanzlik requiring vascular surgery, Batchelder was still responsible for scheduling upcoming appointments, which she consistently failed to do. Dr. Roberts is also responsible for the length of time it has taken to get orthopedic care due to putting off my vascular surgery for so long that I am now unable to have the surgery before I leave the facility.

C. Dr. John Kaufman Sr., M.D. the head of the Vascular Department at OHSU told me at our consultation that my vascular stint had been blocked for such an extensive amount of time

that the clot had turned to scar tissue and had calcified where the right side of the stint met the left. Dr. Kaufman Sr. said he would be doing the surgery himself and he let me know that I would have to be in the hospital for at least three days while he attempted to bi-pass the blockage, remove the clot, and put a balloon in place. On October 10, 2025 I was taken to OHSU for Vascular Surgery and stayed at the hospital for five days. I was in the Operating Room for a total of eight hours under stressful condition. Dr Kaufman Sr. and his daughter, Mrs. Dr. Kaufman, M.D. added four additional stints and cleared the calcification to repair my original bi-lateral vascular stint, put a balloon in place, and removed blood clot(s) from my right leg (I do not currently have the records for this surgery so I am not able to add any additional information). The surgery was a success, I lost over 20 pounds of weight due to the blockage that had been causing poor circulation, lymph fluid to back up in my legs, and additional lethargy. At my Post-Op for this surgery in November, Dr. Kaufman Sr. told me he would clear me for the hip-replacement surgery, but he still wanted to do one more procedure to put another balloon in place as soon as possible.

Tracy Batchelder has taken an additional six months to schedule the second procedure, I feel that this again violates my 8th Amendment rights, showing deliberate indifference by disregarding excessive risk to my health and safety and leaving me in conditions of inhumane treatment due to the unnecessary pain and suffering that could cause substantial risk of serious harm while under the custody/control of the U.S. Government, as well as violates ORS: 423:020, by failing to provide adequate medical care to persons confined. Within two months of my vascular surgery at OHSU my leg started to swell back up, and within another month it is within the same size of swelling and discomfort as it had been in before the surgery, leading me to believe that I have a block in my stint again. I was unable to get the Medical Scheduling Department to schedule a second procedure until the end of April, 2026.

**D.** I filed a Habeas Corpus October, 2024. Part of the Abeyance Agreement that my attorney, Abby Greenfield, had worked out with CCCF was for a medical resolution that included I be allowed to see a vascular specialist and have my hip-replacement surgery as soon as possible. It would have been ideal if I were able to have my hip-replacement surgery before my release so that I could recover and do some physical therapy before I get out.

Dr. Brock told me that I should have an appointment with an orthopedics department somewhere by the end of April for a new consultation with an orthopedic surgeon, but they would not have time to schedule the surgery before my final release date in June. Dr. Coen had told me that my recovery time would be extensive due to the amount of time I have been in a wheelchair and because of previous injuries. The muscles in my legs have lost a great deal of strength and I now have arthritis in both of my knees.

**E.** I have been incarcerated at Coffee Creek Correctional Facility since April, 2022. The Facility takes responsibility for employing Monica Felix, Tracy Batchelder, and Dr. Warren Roberts and by doing so CCCF is responsible for their actions, and therefore, Under 42 U.S.C. § 1983, their deliberate indifference of my 8th Amendment Constitutional Rights, and State of Oregon Law: ORS 423.020. By their failure to take adequate measures to address excessive risk to my health and safety, they have caused substantial and serious harm by failure to provide adequate health and medical care.

## V.    Additional Complaints

**A.** Due to the extensive damage to my left hip and swollen, heavy right leg, I am constantly putting awkward stress and pressure on my knees, which have now both been diagnosed with arthritis based on x-rays taken at CCCF April, 2025. Both of my knees now hurt from inflammation, swell, and grind as I move around during the day, often waking me up throughout the night due to pain. I worry that when I do eventually get a hip-replacement I won't be able to do the necessary physical therapy to recover in a timely manner because

my knees are damaged and will not be strong enough. It has been indicated by Dr. Coen that I might have to have surgery on one or both knees sometime in the future.

**B.** I have also lost the opportunity to correct behaviors through programs and courses that would have otherwise been available to me while at Coffee Creek Correctional Facility. I have spent my entire sentence here waiting for medical treatment when I should have been able to utilize this time working on other issues. I will not be able to complete the Addiction Recovery program here at CCCF that was recommended by my Judge and would have included a 6-month early release, or any work training programs (i.e. Cosmetology School) because I have been in constant pain and have been suffering from my many ailments, making it intolerable for me to concentrate or be physically active in a way that would have made it possible for me to complete extensive treatment or training. I should have been able to accomplish more with my time here, instead of waiting for surgeries, one of which has still not been completed, the other I will not be able to have before I leave the facility.

## VI.    Relief

I am requesting money damages of: **$8,160,000.00.**

## VII.    Previous Lawsuits

**A.** I have not had any cases dismissed based on the "Three Strikes Rule."

**B.** I have filed a Habeas Corpus in the State of Oregon, County of Washington, Case number (24CV48829), under Judge Kathleen Proctor with the same or similar facts that are involved in this Complaint. Plaintiff: Pearl Adair, represented by her attorney Abby Greenfield; Defendant: Josh Highburger, previous temporary Superintendent of Coffee Creek Correctional Facility; Filed October, 2024; Case Pending.

## VIII. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint is:

1) Not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

2) Supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law.

3) Factual with evidentiary support or will have evidentiary support after a reasonable opportunity for further investigation or discovery.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated this 15th day of April 2026.

Respectfully Submitted,

PEARL ADAIR

Pearl Adair   SID # 23301313
Coffee Creek Correctional Facility
24499 SW Grahams Ferry Rd.
Wilsonville, OR 97070